I have to tell you that these cases get randomly assigned by order, but it turned out that the random assignment here is good because the last council just set up the argument on some of your same issues, so you may proceed. Thank you, Your Honor. I was thinking there was a method to the order, actually. Well, I'd like to say there was. So good morning. My name is Peter Wolfe. I represent Mr. Jay in this matter. This case presents a number of issues, but I think I want to start, given 10 minutes, with the question of the continued viability of Hobbs Act robbery as a predicate crime of violence with respect to 924C conviction. And so I think the first point is that notwithstanding Beckles, or even maybe relying on Beckles, it's pretty clear that the residual clause of 924C, I think, is a dead letter. Because just as the court used the language in Beckles to say that the void for vagueness analysis didn't apply to advisory guidelines because they didn't define the crime or set the minimum punishment, in fact, in 924C, the residual clause has just that effect. It both defines the crime and it also sets the minimum punishment. And so the application of the Johnson analysis to the 924C residual clause seems to me to result in a conclusion that the residual clause is no longer viable in 924C, which then... Do we have to overrule SELFA to get to your point? I think so. Right. Well, and you know that you can argue all you want and we can be totally receptive, but no can do. You know that a three-judge panel can't overrule something as clear as U.S. v. SELFA, and we've had a couple of other panels that also endorsed it recently. So isn't your argument for potential in bank court really rather than to us? So I think that in terms of the recent decisions which were unpublished, and in one case at least seemed like the argument that I'm making here wasn't even made, and the court noted that in a footnote, I think the paradigm for how to proceed is really set forth by this court's decision in Benally. Because Benally overruled, as a three-judge panel, the previous decision that it held that involuntary manslaughter is a crime of violence, and it did so in light of subsequent Supreme Court precedent that undermined the reasoning of it. And so I think what we have here, what I think is the key case and the place where SELFA went wrong in not anticipating it, and all the other decisions have gone wrong, is not taking account of what Moncrief v. Holder says is the correct way to do categorical analysis. And the correct way to do categorical analysis, according to Moncrief, is to examine the minimal conduct that will suffice for a conviction. And what I think the panels of this circuit have done is they have examined the language, and they have basically said, well, intimidation is enough for a conviction, and intimidation carries or can be the result of some kind of implicit threat, and they've stopped the analysis there. Whereas under Moncrief, what needed to be done, and I think this panel still has the power to do it, is to examine what's the minimal conduct that would suffice for a conviction. And the minimal conduct that will suffice for a conviction is asking for money, or say, demanding money. And so that's not a match, I would submit, for what the force clause requires, which is a threat of violent physical force likely to result in some injury or pain or something like that. And so if you actually, and we know that that minimal force isn't anything because of the law, but basically said that it'll examine Hobbs Act robbery and bank robbery the same. So the precedents seem to stand for each other. And so you have a situation where a politely stated, or anyway, just stated demand for money without any explicit threat or implicit threat or any conduct that carried an obvious threat is sufficient for a conviction. And if that's the case, then, and it is the case, then it is also the case that that's not a force clause match, because it's over-inclusive. So let me also just clarify, if we're not relegated to relying on the residual clause then we wouldn't need to await DMIA. Do you agree with that? Right. I think that, I mean, DMIA, I think, is this circuit's precedent, which suggests to me, even though it was in the context of 16B, that the force clause, or the residual clause under 924C is no longer viable. So if you follow DMIA as circuit precedent, then I think it leads to the result I'm indicating. But if you wait for DMIA, DMIA, if it comes out that somehow the 16B's residual clause is not void for vagueness, still doesn't answer this question. So in that sense, if that's... And you're back to SELFA. Right. But we're back to SELFA because, we're back to SELFA as to whether SELFA really requires something for conviction that constitutes a match for the force clause analysis as required. And so then I'm back to what I said before, which is Moncrief talks about minimal conduct. Okay. So you're talking, I'm looking at Moncrief, and you're saying, what is the passage in Moncrief that you say makes SELFA invalid? It's not that, it's that, it's that in analyzing in the categorical analysis, you have to look at what is the minimal conduct that will suffice for a conviction. And when, and so it's not just some theoretical proposition, but what actually will result in a conviction. Then what the minimal conduct is, is you see it would be if I, if someone came up and said, would you please hand over your wallet? Right. That would be enough. That would be, that would be force or intimidation? That under, if this circuit's precedent, that would be enough for intimidation because you don't even actually have to be intimidating. Do you think SELFA approves that? Yeah. And all those bank robbery cases say that, that follow SELFA. And Mendez basically says that SELFA applies to Hobbs Act robberies. So, right. So SELFA is the key problematic precedent for my argument here. But if you look at what this court has done in other cases or what the Supreme Court has said, so in Johnson, the Johnson case decided in 2010, the court said that the force clause requires physical force and does not capture intellectual force or emotional force. And this circuit's precedence, since you could just say, hand over your money, that without anything else, and that's enough to convict you of robbery, I suggest that that means that you can establish intimidation, which is all that's required for conviction, with some sort of inference of intellectual force or emotional force. And we know that's true because, at least in some of the bank robbery cases, and I think here I'm relying on Hopkins, the actual teller didn't even have to be intimidated. It's just if some reasonable person might have been intimidated, that was enough for a conviction. Counsel, unfortunately for you, SELFA was published. But I'm interested in an unpublished case of U.S. v. Howard, where we could follow the reasoning in that case, we're not bound by it. This court held in U.S. v. Howard that Hobbs Act robbery constitutes a crime of violence under Section 424C3A because, one, it involves the threatened use of force, and even when it involves putting someone in fear of injury, it still involves the threatened use of force. That's at 650-FED-APP-X-466, but we could get it to you later. And I wonder, why shouldn't we follow the reasoning of Howard and make it into a published opinion to conclude that Hobbs Act robbery constitutes a crime of violence? And the reason you shouldn't do that is because we know that minimal nonviolent force won't suffice for a conviction. And when this court has analyzed, for example, Massachusetts robbery in the Parnell case, the court concluded that it wasn't a force clause match and said that doesn't count as a crime of violence. And really, no more force than was required by Massachusetts law in Parnell is required for a conviction of either Hobbs Act robbery or bank robbery under this court's precedent. So you're kind of in a situation, I would say, where over 20 or 30 years, the panels of the Ninth Circuit have, at the government's behest, repeatedly made more minimal the amount of actual criminal conduct that's required in order to be convicted. Is picking a pocket, does that qualify as Hobbs Act robbery under our circuit precedent, do you think? The question depends on whether the person whose pocket is being picked knows it's being picked. And so if I would say that this circuit's precedent, yeah, it would because all this required is intimidation. But in Parnell, the court said, well, that can't be a force clause match, at least when analyzing the Massachusetts statute. So that's the kind of conundrum that we have here. And maybe I shouldn't say this, but it seems to me it's almost a self-inflicted wound, not by this court, but by the government. Because over all these years, they kept urging this court, and this court basically followed them, to allow a conviction to be sustained in terms of sufficiency evidence on less and less evidence. But then there's a consequence to that when you end up with the precedents of both Johnson 1 and Johnson 2. Thank you. May it please the court, good morning again, Your Honors. Jill Otake for the United States. I'll start where Defense Counsel left off in terms of clearly asking the court to overturn the long-standing precedent of this court in SELFA. And he points to Benally as an example where he thinks that a three-judge panel has overturned prior three-judge panel holdings. In Benally, however, the case that was overturned was from 1987. And it doesn't have the same sort of robust, consistent litigation that we've seen on this topic in this circuit, and has been held recently. We've had four cases. SELFA is pretty old. SELFA is old, Your Honor, but we've had four opinions within the last year, I think, confirming and affirming the rulings in SELFA. I think to get to his point, it would be that you would have to, using Moncrieff, which was in 2013, I believe, that that is interceding law that wasn't appropriately considered and applied by other panels, and therefore we would have this flexibility. So your response to that, in order to move this argument along, would be helpful. Yes, Your Honor. The question of what is the minimal conduct that is sufficient for Hobbs Act robbery in this circuit is, I think, much more stringent than what counsel would have the court believe. If you look at the Howard case itself, the Howard case talks about how intimidation is defined as instilling fear of injury. That's, in the Howard opinion, at 468. It's not a situation, as counsel would have you believe, where somebody shows up in a commercial establishment and says, can you give me your money, and leaves. It's not that. There's no case law in this circuit that supports that argument. In fact, the plain language of the Hobbs Act robbery statute is clearly different from that. The plain language of the Hobbs Act robbery statute talks about taking personal property from the person, or in the presence of another, against his will, by means of actual or threatened force or violence or fear of injury. That's not a situation that defense counsel is talking about. He's giving you, the court, examples that don't fit either the Hobbs Act robbery statute or the circuit case law. The bottom line, to answer your question, Your Honor, is that the minimal conduct that is sufficient in the circuit court's case law is not what counsel says it is, and ultimately, we don't need, the court does not need to reevaluate its recent opinions based on Moncrief. Your Honor, the reality is that also, the court does not need to reach the question of the residual clause in 924C to affirm the conviction and sentence here, because Your Honor, the residual clause in the Hobbs Act robbery is a crime of violence under the use of force clause. The reality is that the defendant's conviction and sentence here can be easily affirmed focusing only on force clause and not relying on anything else. Ultimately, Your Honor, the defense's attempt to get this court to overturn long-standing precedent fails. Unless there are any further questions, I will rest on the briefs. Are there any decisions in other circuits or in our circuit applying Moncrief that are helpful here in terms of saying that Moncrief changes prior interpretations of the statute or that it doesn't? Not that I've seen, Your Honor, and frankly, I viewed the Moncrief argument as a creative one precisely for that reason. I give... Well, you didn't cite Moncrief in your brief, did you at all? No, I didn't, because I didn't think it was applicable, and I thought it was completely an opposite. And so, Your Honors, the reality is that although it's a creative argument, it's not within the realms of either the circuit's precedent or the language of the Hobbs Act Robbery Statute, and for that reason, Mr. Jay's conviction and sentence should be affirmed. Did you have any rebuttal? Why not? Or why? There's two sides to the question. We're getting Shakespearean. So, there's a couple other cases that I think help to focus this question of what suffices or intimidation, and what's really a forced clause match, and that's the... I think it's the considered dictum in Torres v. Lynch, which said kidnapping is not a match for a forced clause crime of violence, and this Court's own decision in Delgado Hernandez would tell the same thing. So if sending a demand note in the context of kidnapping isn't a forced clause match, it strikes me that asking someone for money without an explicit threat of violence or using actual violence, which you don't have to do to be convicted under this circuit's precedent, is equally instructive, and I think leads to the result I've urged the Court to adopt. Do you have any cases from other circuits that have gone the Moncrief route and changed course? No, but here's the thing about other circuits. Other circuits have not defined bank robbery and Hobbs Act robbery to such a minimal extent as the Ninth Circuit has, quite frankly. And, you know, that's, I think, the error that started with SELFA and continues to this day. Thank you. Maybe you'll fix it. Thank you. Thank you. Thank you both for the argument this morning. United States v. Jay is now submitted on the briefs. And the last case for argument this morning is United States v. Salcido.
judges: Schroeder, D.W. Nelson, McKeown